**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

| | |
|---|---|
| JESSICA SULLIVAN FRAZIER,<br>11021 Kemps Mills Rd.<br>Williamsport, MD 21795 | Civil Action No. 1:24-cv-917 |
|                    Plaintiff, | |
| v. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.<br>505 City Parkway West<br>Orange, CA 92668 | |
|    SERVE:  The Corporation Trust, Inc.<br>              2405 York Road, Suite 201<br>              Lutherville Timonium, MD 21093 | |
| EQUIFAX INFORMATION SERVICES, LLC<br>1550 Peachtree Street, NW<br>Atlanta, GA 30309 | |
|    SERVE:  CSC-Lawyers Incorporating Service<br>              Company<br>              7 St. Paul Street, Suite 820<br>              Baltimore, MD 21202 | |
|                       Defendants. | |

## <u>COMPLAINT</u>

Plaintiff Jessica Sullivan Frazier, by counsel, files this Complaint against Defendants Equifax Information Services, LLC ("Equifax") and Experian Information Solutions, Inc. ("Experian") (collectively, "Defendants"). In support of her Complaint, Ms. Sullivan Frazier alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for statutory, actual, and punitive damages; costs; and attorneys'
fees brought under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2.      The "Big 3" consumer-reporting agencies—Equifax, Experian, and Trans
Union—have a long history of consumer complaints and lawsuits alleging (and establishing) that
they unreasonably mixed the credit files and information of one consumer with the credit reports
of another consumer. This mixed file problem is caused by their overly broad matching criteria
used to sort data into a consumer's credit file.

3.      In this case—representative of numerous others—Equifax and Experian combined
or mixed Ms. Sullivan Frazier's credit files with another individual, even though their dates of
birth, addresses and social security numbers are different.

4.      After Ms. Sullivan Frazier disputed the inaccurate information with the consumer-
reporting agencies, they refused to remove all inaccurate information from her file.

5.      Accordingly, Ms. Sullivan Frazier alleges claims against Equifax and Experian
for failing to reasonably ensure the maximum possible accuracy of her credit reports in violation
of § 1681e(b), and for failing to fulfill their reinvestigation duties in violation of § 1681i.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 1681(p).

7.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because the events
giving rise to Ms. Sullivan Frazier's claims took place in this District and Division.

## PARTIES

8.      Ms. Sullivan Frazier is a natural person and a consumer as defined by 15 U.S.C. §
1681a(c).

9.      Equifax is a foreign limited liability company doing business in Maryland through its registered office in Baltimore. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10.     Experian is a foreign corporation doing business in Maryland through its registered office in Lutherville Timonium. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

## FACTS

11.     In March 2024, Ms. Sullivan Frazier applied for a mortgage.

12.     Her mortgage lender told her that she would not qualify for a mortgage because of several collection accounts that appeared on her credit report. The lender also told her that if the collection accounts were removed from her report, she would have qualified for the mortgage she was seeking.

13.     Ms. Sullivan Frazier was confused by this, as she does not have any collection accounts.

14.     Ms. Sullivan Frazier reviewed her Equifax and Experian credit reports and discovered that they contained several inaccuracies.

15.     For example, Experian was reporting eight names, 12 addresses, and two collection accounts that did not belong to her. They were also reporting the wrong year of birth and spouse name.

16.     Equifax was also reporting at least one name, several addresses, two collection accounts, and an auto loan on Ms. Sullivan Frazier's credit reports, none of which belonged to her.

17.      Ms. Sullivan Frazier immediately disputed these inaccuracies with Equifax and Experian.

18.     In response to Ms. Sullivan Frazier's disputes, both Equifax and Experian performed an inadequate investigation.

19.     For example, Experian only removed some of the inaccurate addresses, but refused to remove the rest of the inaccurate information, including the two collection accounts, from Ms. Sullivan Frazier's credit report.

20.     And Equifax removed some, but not all, of the inaccurate information. It verified the inaccurate collection account, which remains on Ms. Sullivan Frazier's credit report to this day.

21.     Both Ms. Sullivan Frazier's Equifax and Experian credit reports still list the inaccurate collection accounts, which is preventing Ms. Sullivan Frazier from qualifying for a mortgage loan.

22.     Because of Defendants' conduct, Ms. Sullivan Frazier has suffered significant damages, including credit denials, a reduced credit score, reputational damages, out-of-pocket damages, reputational damage, embarrassment, stress, and other emotional damages.

### *Defendants' FCRA Violations Were Willful*

23.     Equifax and Experian have substantial notice and knowledge of the "mixed file" problems and failures of their business procedures and systems.

24.     As early as 1992, the Attorneys General of several states were forced to file a lawsuit against Equifax because of its conduct in connection with mixing consumer credit files. The lawsuit resulted in an Agreement of Assurances between the Attorney Generals relating to Equifax's responsibilities to prevent mixed files.

25.     Similar enforcement action was brought against Experian [formerly TRW, Inc.] in 1991 and 1992 and resulted in consent orders where Experian agreed to maintain reasonable

procedures to prevent the occurrence or reoccurrence of mixed files. *See TRW, Inc. v. Morales*, Civil Action No. 3-91-1340-H (N.D. Tex. 1991); *FTC v. TRW, Inc.*, 784 F. Supp. 361 (N.D. Texas 1991).

26.     Only three years after the Agreement of Assurances, the Federal Trade Commission ("FTC") brought another enforcement action due to Equifax's widespread violations of the FCRA, including the creation of mixed files and then furnishing them to users who did not have a permissible purpose to view the information of the consumer. *In the Matter of Equifax Credit Information Services, Inc.*, 12 F.T.C. 577 (Aug. 14, 1995). This enforcement action resulted in a consent order between Equifax and the FTC that sets forth certain procedures to prevent mixed files and to conduct reinvestigations as required by the FCRA.

27.     Then, in 2015, the New York Attorney General was forced to file a lawsuit against Equifax, Experian, and their competitor Trans Union because of their conduct in connection with mixing consumer credit files. As part of the settlement, Equifax, Experian, and Trans Union agreed to implement procedures to ensure accurate reporting. https://ag.ny.gov/pdfs/CRA%20Agreement%20Fully%20Executed%203.8.15.pdf

28.     Shortly after, the lawsuit resulted in an Agreement of Assurances between Equifax, Experian, Trans Union, and several Attorneys General relating to the bureaus' responsibilities to prevent mixed files. The bureaus entered into an "Assurance of Voluntary Compliance" to ensure that it would implement changes. http://www.myfloridalegal.com/EC_Ed oc.nsf/0/3D93314A8135213B85257E5B00611557/%24file/Equifax+Experian+TransUnion+05-20-2015.pdf

29.     Despite this extensive notice, Equifax's and Experian's computer systems still cause mixed files because they do not require or use full identifying information for a potential

credit grantor's inquiry even when unique identifiers such as a full social security number are present. Equifax and Experian do this in order to sell more credit reports.

30.     Equifax acknowledges that its computer system causes one individual's credit report to be confused with another individual's credit report causing a "mixed file." On its website, Equifax recognizes that individuals with "common names" may be more at risk.[1]

31.     Experian also acknowledges its mixed file problem. On its website, Experian describes how the mix happens when "two or more people are unintentionally combined in a credit reporting company's database" and identifies individuals that are must susceptible "who have common names or similar Social Security Numbers, birth dates, or addresses."[2]

32.     Despite their recognition of the mixed file problem, Equifax and Experian knowingly choose to ignore the mixed-file problem, even though they already possess a simple, easy, and inexpensive means to correct and avoid the problem.

33.     Moreover, Equifax and Experian have been sued repeatedly for failing to prevent mixed consumer files. *See, e.g.*, *Miller v. Equifax Info. Servs., LLC*, 3:11-cv-1231 (D. Or. 2011) (jury verdict of $18.6 million); *Malverty v. Equifax Info. Servs. LLC*, 8:17-cv-1617 (M.D. Fla. 2017); *Philbin v. Trans Union Corp.*, 101 F.3d 957 (3d Cir. 1996); *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329 (9th Cir. 1995); *O'Conner v. Trans Union Corp.*, Civ. No. 97-4633, 1999 WL 773504 (E.D. Pa. Sept. 29, 1999); *Thomas v. Trans Union*, C.A. No. 00-1150 (D. Or. 2002) (jury verdict of $5.3 million remitted to $1.3 million); *Soghomonian v. Trans Union*, (E.D. Cal.)  ($990,000 verdict); *Price v. Trans Union, LLC*, 737 F. Supp. 2d 281 (E.D. Pa. 2010); *Neclerio v. Trans Union, LLC*, Civ. No. 3:11cv1317 (D. Conn. Aug. 17, 2011);

---

[1] https://www.equifax.com/personal/help/what-is-a-mixed-credit-file/, last visited Mar. 27, 2024.

[2] https://www.experian.com/blogs/ask-experian/acr-faqs/acr-inaccuracies-in-reporting/, last visited Mar. 27, 2024.

*Calderon v. Experian Info. Sols, Inc.*, 2012 U.S. Dist. LEXIS 89375, \*10 (D. Idaho 2012); *Howley v. Experian Info. Sols., Inc.*, Civ. No. 09-241 (D.N.J. filed January 16, 2009); *Ainsworth v. Experian Info. Sols., Inc.*, 2011 U.S. Dist. LEXIS 63174 (C.D. Cal. 2011); *Novak v. Experian Info. Sols., Inc.*, 782 F. Supp. 2d 617 (N.D. Ill. 2011); *Comeaux v. Experian Info. Sols.*, 2004 U.S. Dist. LEXIS 10705, \*20 (E.D. Tex. 2004); *Cartwright v. Experian*, Civ. No. CV 09-427 (C.D. Cal. 2009); *Campbell v. Experian Info. Sols., Inc.*, 2009 U.S. Dist. LEXIS 106045 (W.D. Mo. Nov. 13, 2009); *Jensen v. Experian Info. Sols., Inc.*, 2001 U.S. Dist. LEXIS 15134 (E.D. Tex. Mar. 30, 2001); *Williams v. Equifax Info. Servs.*, LLC, No. 48-2003-CA-9035-O (Orange County 2007).

34.     Despite these lawsuits and enforcement actions, Equifax and Experian have not significantly modified their procedures to assure that the credit reports that they prepare, publish, and maintain are as accurate as possible, as required by the FCRA at 15 U.S.C. § 1681e(b). Despite notice of this problem, upon information and belief, nothing has been done to improve their procedures to assumer maximum possible accuracy.

35.     Upon information and belief, Equifax and Experian have not, and do not intend, to modify their procedures to comply with this section of the FCRA because compliance would upset their customers, who would rather receive overinclusive reports than underinclusive ones.

36.     Compounding this issue, as a standard practice, Equifax and Experian also do not conduct independent investigations in response to consumer disputes. Instead, they merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d 220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to

the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

37.     Upon information and belief and consistent with their standard policies and procedures, Equifax and Experian automatically generated their "investigation" results once the furnishers verified the status of the mixed accounts, and they did not take any additional actions to verify the accuracy of the information that the furnishers provided.

38.     Instead, Equifax and Experian blindly accepted the furnishers' version of the facts and continued to report the inaccurate, derogatory information on Ms. Sullivan Frazier's credit reports.

39.     Equifax and Experian continue the practice of parroting the furnisher's response despite numerous lawsuits alleging (and establishing) that they fail to conduct a reasonable investigation under the FCRA.

40.     Equifax and Experian do not intend to modify their dispute-processing procedures because doing so would drastically increase their operating expenses.

41.     Therefore, at all times relevant to this Complaint, Equifax's and Experian's conduct was willful and carried out in reckless disregard for a consumer's rights under the FCRA.

**<u>COUNT ONE</u>:**
**VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)**
**(EQUIFAX AND EXPERIAN)**

42.     Ms. Sulivan Frazier incorporates the preceding allegations.

43.     Equifax and Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Ms. Sulivan Frazier's credit reports and credit files.

44.     Because of Equifax's and Experian's conduct, Ms. Sulivan Frazier suffered actual damages, including: credit denials, a reduced credit score, reputational damages, out-of-pocket damages, reputational damage, embarrassment, stress, and other emotional damages.

45.     Equifax's and Experian's violations of § 1681e(b) were willful, rendering them liable to Ms. Sulivan Frazier for actual damages, statutory damages, punitive damages, costs, and attorney's fees under 15 U.S.C. § 1681n.

46.     In the alternative, Equifax's and Experian's violations were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i
## (EQUIFAX AND EXPERIAN)

47.     Ms. Sulivan Frazier incorporates the preceding allegations.

48.     Equifax and Experian violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate and record the current status of the disputed information or delete the item from Plaintiff's credit file in violation of § 1681i(a)(1); (2) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); (3) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A); and (4) failing to promptly delete the disputed, inaccurate information from Plaintiff's credit file in violation of §1681i(a)(5)(A).

49.     Because of Equifax's and Experian's conduct, Ms. Sulivan Frazier suffered actual damages, including: credit denials, a reduced credit score, reputational damages, out-of-pocket damages, reputational damage, embarrassment, stress, and other emotional damages.

50.     Equifax's and Experian's violations of § 1681e(b) were willful, rendering them liable to Ms. Sulivan Frazier for actual damages, statutory damages, punitive damages, costs, and attorney's fees under 15 U.S.C. § 1681n.

51.     In the alternative, Equifax's and Experian's violations were negligent, which entitles Ms. Sulivan Frazier to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Ms. Sulivan Frazier demands judgment for actual, statutory, and punitive damages against Defendants; her attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and any other relief the Court deems appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**

Respectfully submitted,
**JESSICAN SULLIVAN FRAZIER**

By:  */s/ Kristi C. Kelly*
Kristi Cahoon Kelly, Bar No. 07244
J. Patrick McNichol, Bar No. 19034
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
Phone: 703-424-7572
Fax: 703-591-0167
Email: kkelly@kellyguzzo.com
Email: pat@kellyguzzo.com
*Counsel for Plaintiff*